IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                        Criminal Case No. 4:19CR80-1 (RCY)

JULIAN RASHKO,
         Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Julian Rashko's[1] Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 821. ECF No. 158. For the reasons that follow, the Court will deny the Motion.

On July 17, 2020, Mr. Rashko pleaded guilty to one count of Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two) and one count of Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). With a total offense level of 21 and a criminal history category III, Mr. Rashko had an advisory guidelines range of 46 to 57 months on Count Two, plus a mandatory 60 months (consecutive) on Count Three. On November 18, 2020, Mr. Rashko appeared before the undersigned and was sentenced to an active period of incarceration of 106 months, consisting of 46 months on Count Two and 60 months on Count Three, to be served consecutively. ECF No. 104.

---

[1] Before the Court appointed counsel to represent Mr. Rashko on this issue, he filed a *pro se* motion for a sentence reduction. ECF No. 158. The Memorandum in Support filed later by counsel, ECF No. 182, presents the operative arguments for purposes of the motion in this case. *See* Order, ECF No. 177. Nevertheless, the Court has independently reviewed Mr. Rashko's *pro se* Motion and determined that none of the arguments set forth in that motion vary significantly from the arguments raised by counsel or would otherwise change the Court's conclusions.

On November 1, 2023, the United States Sentencing Commission's amendments to the advisory Sentencing Guidelines took effect. These amendments included Amendment 821, which in Part A reduces "status points" for certain offenders with less serious criminal histories, and in Part B provides for a decrease of two offense levels for individuals with zero criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n., *Amendments to the Sentencing Guidelines* (Aug. 31, 2023) (hereinafter, "Retroactivity Amendment"). On August 24, 2023, the Commission voted to give retroactive effect to these two provisions of Amendment 821. *Id*. Meanwhile, Part C of Amendment 821 added sentences resulting from possession of marihuana offenses as "examples" of where a downward departure from the defendant's criminal history may be warranted. U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines* (Apr. 27, 2023) (hereinafter, "Adopted Amendments Release"). This provision was *not* made retroactive, however. *Compare id*., *with* Retroactivity Amendment. The November 1, 2023 amendments also included Amendment 814, which revised U.S.S.G. § 1B1.13 to expand the list of extraordinary and compelling reasons that constitute grounds for so-called "compassionate release" relief under 18 U.S.C. § 3582(c)(1)(A).

On November 7, 2023, Mr. Rasko filed his *pro se* Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release). ECF No. 158. Given the Defendant's apparent reliance on Amendment 821 in that Motion, the Court directed the Clerk to appoint counsel to brief the issues accordingly. ECF No. 177. On September 27, 2024, counsel for the Defendant filed an *Anders* brief presenting the Defendant's arguments for a sentence reduction but observing that the Defendant did not appear eligible for relief under the retroactive provisions of Amendment 821. ECF No. 182. The Government filed a Response on October 11, 2024, concurring in the

2

Defendant's ineligibility for relief pursuant to Amendment 821 and otherwise opposing any sentence reduction.  ECF No. 183.  The Motion is accordingly ripe for review.

In his Motion for Sentence Reduction, Mr. Rashko primarily asserted that his sentence had been rendered "controversial" because of his marijuana conviction, and he points to Amendment 821's recognition of "the changing legal landscape as it pertains to simple possession of marijuana offenses."  *See* Mot. 30, ECF No. 158; Mot. Ex. 1 at 1–2, ECF No. 158-2; *see also* Mem. Supp. Mot. 6, ECF No. 182.  According to Mr. Rashko, this "new legal development[]" constitutes extraordinary and compelling circumstances that justify the requested sentence reduction.  Mot. 25–26.

The Court acknowledges this aspect of Amendment 821 but disagrees that it entitles Mr. Rashko to a sentence reduction or otherwise gives rise to extraordinary and compelling circumstances justifying "compassionate release."  Amendment 821, Part C—the provision upon which Mr. Rashko relies—was not included among the provisions of Amendment 821 given retroactive effect.  *See* Retroactivity Amendment.  And even if it were, the portion of the Sentencing Guidelines impacted by Part C—U.S.S.G. § 4A1.3, Application Note 3—remains mere guidance for when the Court is considering the appropriateness of a downward departure; it does not in and of itself *mandate* a downward departure or otherwise automatically operate to lower a defendant's sentencing range.  As such, Mr. Rasko does not qualify for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  *See* § 3582(c)(2) (permitting a court to reduce the sentence of a defendant whose original term of imprisonment was "based on a sentencing range *that has subsequently been lowered* by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added)).

3

Moreover, while the November 2023 amendments to the Sentencing Guidelines did expand the list of "extraordinary and compelling reasons" potentially warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and permitted in *certain* circumstances consideration of "a change in the law," those circumstances are not present here. *See* Adopted Amendments Release. Specifically, as amended, U.S.S.G. § 1B1.13(b)(6) provides that, in the case of an "unusually long sentence," courts may consider a change in the law to determine if the change presents a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." However, this newly added provision explicitly carves out "an amendment to the Guidelines Manual that has not been made retroactive" from any changes in law eligible for consideration. § 1B1.13(b)(6). Outside of those cases involving unusually long sentences, the Guidelines are clear that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reasons exists under this policy statement." U.S.S.G. § 1B1.13(c). Rather, a defendant must independently establish extraordinary and compelling reasons for a sentence reduction, at which point a court may consider a change in law—including non-retroactive U.S.S.G. amendments—"for purposes of determining the extent of any such reduction." *Id.*

On review of the Defendant's Motion, his counseled Memorandum in Support of the Motion, and the record, the Court does not find that extraordinary and compelling reasons warrant a sentence reduction here. Mr. Rashko has not demonstrated that his medical circumstances, age, or family circumstances support a sentence reduction. *Cf.* U.S.S.G. § 1B1.13(b)(1)–(3). Neither has he alleged that he has been the victim of abuse at the hands of correctional officers or any other individual with custody or control over him. *Cf. id.* § 1B1.13(b)(4). Finally, he has not asserted

4

any other reasons of comparable gravity to the reasons outlined in U.S.S.G. § 1B1.13(b)(1)–(4) to justify a sentence reduction. *Cf. id.* § 1B1.13(b)(5). Part C of Amendment 821 is not a change of law that in and of itself can constitute an extraordinary and compelling reason for reduction, and the same goes for Mr. Rashko's spare reference to his continued efforts to better himself. *See* U.S.S.G. § 1B1.13(d) (rehabilitation, on its own, does not constitute an extraordinary and compelling reason for a sentence reduction). The remainder of the grounds asserted in support of Mr. Rashko's claim for relief, *see* Mem. Supp. Mot. 6–8, more properly constitute challenges to the underlying conviction and not arguments for compassionate release. Those arguments are being separately litigated in connection with Mr. Rashko's pending § 2255 Motion, and as such they will not be addressed here.

For all these reasons, the Court finds that the Defendant is ineligible for a sentence reduction as a result of the November 2023 amendments to the Sentencing Guidelines, and he is otherwise ineligible for compassionate release. The Court will therefore DENY the Motion for a Sentence Reduction (ECF No. 158) pursuant to 18 U.S.C. § 3582(c) and Amendment 821.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 5, 2024
Richmond, Virginia