IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JULIAN RASHKO, )<br>    Petitioner. ) | Criminal Case No. 4:19CR80 (RCY)<br>Civil Action No. 4:21CV47 (RCY) |

**MEMORANDUM OPINION**

Petitioner Julian Rashko, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"), ECF No. 131.  In his Petition, Rashko contended that his trial counsel's performance was constitutionally deficient because (i) counsel failed "to file Rashko's request[ed] notice of appeal" and failed "to consult with [Rashko] concerning the appeal after sentencing"; (ii) counsel failed to object to the Court's "use of incorrect statutory penalty section and corresponding incorrect guideline range" at sentencing; and (iii) counsel failed to object to the Court's "failure to credit [Rashko] two points for acceptance of responsibility."  Pet. at 5–10.

By Memorandum Opinion and Order entered on August 7, 2024, the Court took Rashko's appeal-related claim under advisement pending an evidentiary hearing and directed that counsel be appointed to represent Rashko at such hearing.  Mem. Op. at 4–6, 9, ECF No. 173; Order at 1, ECF No. 174.  The Court denied Rashko's other claims.  Mem. Op. at 6–9; Order at 1.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Court referred this matter to United States Magistrate Judge Douglas E. Miller to conduct an evidentiary hearing with respect to Rashko's remaining claim.  Referral Order at 1, ECF No. 175.

Magistrate Judge Miller conducted the evidentiary hearing on October 28, 2024. Rashko and his former counsel, Rudolfo Cejas, both testified at the hearing. Tr. at 4–36, ECF No. 187. On November 21, 2024, Magistrate Judge Miller issued a Report and Recommendation (R&R), ECF No. 188. Therein, Magistrate Judge Miller stated that:

> [T]he Court finds Cejas's testimony credible and finds both that he did consult with Rashko about his appellate rights and that Rashko never asked Cejas to file a notice of appeal. Thus, Cejas did not perform deficiently. For these reasons, Rashko's claim that he was denied effective assistance of counsel due to his counsel's failure to appeal should fail.

*Id.* at 11–12 (internal citation and footnote omitted). Accordingly, Magistrate Judge Miller recommended that the Court deny Rashko's remaining claim. *Id.* at 12. Rashko was advised of his right to object to the findings and recommendations set forth in the R&R and the consequences of failing to do so.[1] *Id.* at 12–13. Rashko has not filed any objections to the R&R and the timeframe in which to do so has lapsed.

"[I]n the absence of a timely filed objection, a district court need not conduct de novo review [of an R&R], but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citation omitted). The Court has thoroughly reviewed the record, including the transcript of the October 28, 2024 evidentiary hearing, ECF No. 187. Being satisfied that there is no clear error, the Court will ADOPT and APPROVE the R&R, ECF No. 188, in its entirety as the Court's own opinion.

---

[1] Magistrate Judge Miller also advised Rasko of his right to file objections to the R&R at the conclusion of the October 28, 2024 evidentiary hearing. Tr. at 37, ECF No. 187.

Accordingly, Rasko's remaining claim will be DENIED and his Petition, ECF No. 131, will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Final Order shall issue.

It is so ORDERED.

/s/ *RCY*
Roderick C. Young
United States District Judge

Dated: May 15, 2025
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Rashko has not satisfied this standard.

3